UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jimmy E. Parker, Jr.

   v.                                       Civil No. 15-cv-75-SM

Esker Tatum, Warden, Federal
Correctional Institution, Berlin,
New Hampshire

**REPORT AND RECOMMENDATION**

    Jimmy E. Parker, Jr., a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2241, challenging his federal sentence. The matter is before the court for preliminary review, to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

**Standard**

    In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual allegations, accepted as true, to state a claim to relief that appears legally sufficient. See McFarland v. Scott, 512 U.S. 849, 856 (1994). When a habeas petitioner proceeds pro se, the

assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Parker is serving a federal prison sentence imposed in the Middle District of North Carolina, pursuant to his guilty plea to conspiracy to distribute cocaine base, and two related firearms charges.  See United States v. Parker, 1:05-cr-00158-JAB-1 (M.D.N.C.) ("Criminal Case") (Judgment entered Oct. 25, 2005), ECF No. 13.  Parker's sentence included a "career offender" enhancement.  The enhancement was based, in part, on Parker's previous North Carolina conviction for assault with serious bodily injury, pursuant to N.C. Gen. Stat. § 14-32.  That offense has four elements, one of which is the use of a deadly weapon.  Id.  Parker claims that he was convicted in state court upon an Alford/nolo contendere plea.  Parker challenges the validity of his career offender sentence enhancement, on the basis that he did not agree or admit to the deadly weapon element of the state offense underlying that enhancement.

## Discussion

### I.   Savings Clause Jurisdiction

In general, the court in which a federal defendant was

2

convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255.  Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal inmate's incarceration to exercise jurisdiction, under 28 U.S.C. § 2241, to consider a challenge to the validity of the inmate's detention.  See <u>United States v. Barrett</u>, 178 F.3d 34, 49-50 (1st Cir. 1999).  Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is <u>inadequate or ineffective to test the legality of his detention</u>.

<u>Id.</u> (emphasis added).  The issue of the adequacy and effectiveness of the § 2255 remedy in a case is jurisdictional, as the proper district for filing the petition depends on whether the petition is filed under § 2241 or § 2255.  See <u>Bryant v. Warden</u>, 738 F.3d 1253, 1262 (11th Cir. 2013).

"[A]dequacy and effectiveness must be judged ex ante. . . . [P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"  <u>Trenkler v. United</u>

3

States, 536 F.3d 85, 99 (1st Cir. 2008) (emphasis in original) (citation omitted). If nothing prevented the petitioner from raising his § 2241 claims in a first § 2255 motion, he cannot prevail in asserting that the § 2255 process has been inadequate or ineffective to challenge his detention. See generally Bryant, 738 F.3d at 1272; see also Barrett, 178 F.3d at 53. Recourse to the savings clause is allowed "in rare and exceptional circumstances, such as those in which strict adherence to AEDPA's gatekeeping provisions would result in a 'complete miscarriage of justice,'" such as cases involving a "credible allegation of actual innocence." Trenkler, 536 F.3d at 99 (citation omitted).

## II. **Parker's Post-Conviction Litigation**

After his guilty plea in the Middle District of North Carolina, Parker filed an appeal in the Fourth Circuit, which affirmed his conviction and sentence. See United States v. Parker, No. 05-5132 (4th Cir. Apr. 14, 2006) ("Parker I"), slip op. at 5, Criminal Case ECF No. 23. On March 20, 2007, Parker filed a § 2255 motion in the trial court, Criminal Case, ECF No. 26, which that court denied. Id., ECF No. 55 (order denying § 2255 motion). Parker's appeal of the denial of his first § 2255 motion was dismissed. United States v. Parker, No. 08-6936, slip op. at 2 (4th Cir. Oct. 24, 2008), Criminal Case ECF

4

No. 65.

In Parker's direct appeal of his conviction and in his previous post-conviction challenges to his conviction and sentence, Parker asserted claims challenging the propriety of his career offender status and the resulting enhancement of his sentence.  See, e.g., Parker I, slip op. at 3 ("Parker claims the district court did not properly calculate his sentencing guideline range by using two prior felonies to enhance his sentence as a career offender."), Criminal Case ECF No. 23, 3; Criminal Case ECF No. 49 (magistrate judge's recommendation that district judge deny Parker's first § 2255 motion, which claimed that career offender enhancement was based on "over-represented" criminal history), report and recommendation approved by id. ECF No. 55.  Parker has not shown that the claim regarding his Alford/nolo contendere plea asserted here was unavailable to him at the time of his first § 2255 motion.  Accordingly, Parker has failed to show that the § 2255 process has been inadequate or ineffective to challenge his detention.  See generally Bryant, 738 F.3d at 1272; see also Barrett, 178 F.3d at 53.  Parker cannot, therefore, satisfy the requirements of the savings clause, § 2255(e), to enable him to bring this action as a § 2241 petition here.  The § 2241 petition should be dismissed as this court has no jurisdiction to hear this matter.

**Conclusion**

For the foregoing reasons, the district judge should dismiss the § 2241 petition for lack of jurisdiction.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 7, 2015

cc:  Jimmy E. Parker, Jr., pro se
     Seth R. Aframe, Esq.